IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIHAD DHIAB, *et al.*,              ) <br><br> Petitioners,        ) <br><br> v.                         ) <br><br> GEORGE W. BUSH,        ) <br> President of the United States, ) <br> *et al.*,                      ) <br><br> Respondents.       ) | Civil Action No. 05-CV-1457 (HHK) |

**RESPONDENTS' OBJECTION TO PETITIONERS' RELATED CASE DESIGNATION**

Respondents hereby object to the Notice of Designation of Related Civil Cases Pending in This or Any Other United States Court (the "Notice") filed by petitioners simultaneously with their petition in the above-captioned case.

Petitioner's Notice is potentially misleading in that it singles out one Guantanamo Bay detainee habeas case, Abdah v. Bush, No. 04-CV-1254 (HHK), on the face of the Notice form as if it were the primary or lead case of all the Guantanamo Bay detainee habeas cases.  In fact, there are over 115 Guantanamo habeas cases pending in this Court.  While the limited amount of space on the form doubtless makes it impossible to list all the cases there, no principled reason exists for elevating Abdah to the most prominent position in this manner.  The Abdah case was not the first filed or the most recently filed case.  More importantly, that case is not any more "related" to this case than are the others.  Nevertheless, presumably because Abdah was listed on the face of the form, the docket entry (no. 2) for the Notice entered by the Clerk paraphrases its substance as "Case related to Case No. 04-1254." and the related-case field on the ECF database

shows <u>Abdah</u> as the only case to which this case is related; without regard to all the other related cases.[1]

Respondents object to any implication that the instant case is somehow more related to <u>Abdah</u> than to the other pending Guantanamo Bay detainee cases.  Respondents believe the Guantanamo Bay cases should continue to proceed in a coordinated fashion, at least pending resolution of pending appeals related to the January 31, 2005 opinion of Judge Green in eleven of the cases, <u>see</u> <u>In re Guantanamo Detainee Cases</u>, 355 F. Supp. 2d 443 (D.D.C. 2005), and the January 19, 2005 opinion of Judge Leon in the <u>Khalid</u> and <u>Boumediene</u> cases, <u>see</u> <u>Khalid v. Bush</u>, 355 F. Supp. 2d 311 (D.D.C. 2005).  However, such coordination should be effected by deliberate action of the Court and not through arbitrary or incomplete application of the Court's process with respect to identification of related cases.  <u>Cf.</u> L. Cv. R. 40.5(c) (in the event of an improvident assignment by the Clerk's Office due to an errant related case designation, the new case may be transferred to the Calendar Committee for a determination whether it should be reassigned at random).  In any event, a number of other recently filed Guantanamo habeas cases in which misleading or incomplete Notices were filed appear to have been <u>sua</u> <u>sponte</u> reassigned to other Judges.  <u>See</u>, <u>e.g.</u>, <u>Al Joudi v. Bush</u>, No. 05-CV-301 (originally assigned to Judge Robertson based on petitioners' notice of related case, reassigned to Judge Kessler); <u>M.C. v. Bush</u>, No. 05-CV-430 (originally assigned to Judge Collyer based on petitioners' notice of related case, reassigned to Judge Huvelle).

---

[1] To the extent that it would ever be appropriate to treat one particular case among multiple equally related cases as preeminent, Local Civil Rule 40.5 suggests that the "oldest related case" – not another case selected by counsel – should be the one to receive that distinction.  <u>See</u> L. Cv. R. 40.5(c)(1) ("the Clerk shall assign the new case to the judge to whom the oldest related case is assigned").

Dated:  July 29, 2005                    Respectfully submitted,

                                         PETER D. KEISLER
                                         Assistant Attorney General

                                         KENNETH L. WAINSTEIN
                                         United States Attorney

                                         DOUGLAS N. LETTER
                                         Terrorism Litigation Counsel

                                             /s/ Preeya M. Noronha
                                         JOSEPH H. HUNT (D.C. Bar No. 431134)
                                         VINCENT M. GARVEY (D.C. Bar No. 127191)
                                         TERRY M. HENRY
                                         JAMES J. SCHWARTZ
                                         PREEYA M. NORONHA
                                         EDWARD H. WHITE
                                         ROBERT J. KATERBERG
                                         ANDREW I. WARDEN
                                         NICHOLAS J. PATTERSON
                                         Attorneys
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         20 Massachusetts Ave., N.W.  Rm. 7144
                                         Washington, DC  20530
                                         Tel:  (202) 514-4107
                                         Fax:  (202) 616-8470

                                         Attorneys for Respondents