IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JIHAD DHIAB**, *et al.* <br>     Petitioners, <br><br> *v.* <br><br> **GEORGE W. BUSH**, President of the United States, *et al.*, <br>     Respondents. | Civil Action No. 05-01457 (HHK) |

**PETITIONER'S CONDITIONAL CONSENT TO RESPONDENTS' MOTION
TO STAY PROCEEDINGS**

**1. Petitioner Consents to Stay Proceedings Provided the Stay Does Not Excuse Respondents From The Timely Production of Factual Returns Relating to Petitioner.**

If the matter were one of first impression, Petitioner would oppose Respondents' stay motion in its entirety. But Judge Green stayed the Guantánamo detainee cases under her supervision; this Court, as well as other Judges of this Court, have also stayed the cases assigned to them. Given these circumstances, Petitioner does not ask the Court to deny Respondents' stay motion in its entirety.

Any stay, however, should not excuse Respondents from providing Petitioner's factual returns to counsel promptly. Judge Green ordered Respondents to provide factual returns despite the pendency of their motions to dismiss, which were the practical equivalent of Respondents' pending appeals. At least six other Judges of this Court, including this Court, although staying detainee cases, have ordered Respondents to provide factual returns.

Those returns have been critical. They have enabled counsel to interview their clients, their clients' families and others on a focused and informed basis, and otherwise to investigate and prepare their clients' cases – and to do so while memories are still fresh, witnesses and

documents still available, and other evidence still within reach.  *See Al-Mohammed v. Bush*, 05-CV-00247, slip op. at 2–3 (D.D.C. Apr. 30, 2005).  As this Court stated in *Al-Mohammed*, "petitioners' counsel must have access to [the returns] in order to develop a meaningful understanding of the basic factual allegations . . . and prepare for consultation with their clients."  *Id.* at 2.  For these reasons, the Court should not stay Respondents' obligation to provide the return in this case.

**2.  Respondents' Arguments Against Providing Returns In This Case Fall Short.**

Respondents complain that providing Petitioner's returns would confront them with "an immense logistical burden."  (Mot. to Stay at 11.)  Any such "burden" to Respondents, however, does not outweigh Petitioner's interest in ensuring the investigation and preparation of his case before the trail – cool as it might be now – becomes completely cold, and in being able to proceed without delay if the Court of Appeals allows these cases to proceed.

Respondents' asserted "burden," moreover, is vastly overblown.  The factual return is simply the record of proceedings before the Combatant Status Review Tribunal.  *See id.* at 11 n.10.  It already exists.  Classification decisions regarding the information in the record of those proceedings were made *before* the proceedings began, and the entirety of the proceedings underwent legal review upon their completion.  *See, e.g.*, Memo. from Bree A. Ermintrout, to Director, Combatant Status Review Tribunal, Jan. 18, 2005, *in* Factual Return for Petitioner Abdulsalam Ali Abdulrahman Al-Hela, *Al-Hela v. Bush*, 05-CV-01048 (RMU) (D.D.C. June 15, 2005) (attached as Exhibit A).  The only "burden" facing Respondents now is photocopying, sorting and stapling.  Respondents were able to produce the classified versions of approximately 60 returns in little more than a week when Judge Green ordered them to do so in the cases under her supervision.

Respondents claim that the returns would be useless to Petitioner's counsel because counsel could not share with Petitioner the classified information in the return. (Mot. to Stay at 10.) But not all the information in the return is classified. The allegations against Petitioner, which is set forth in the return, are not classified; until Petitioner's counsel have seen the return, they will not know what Petitioner is accused of having done, and cannot meaningfully interview Petitioner or begin to investigate or prepare his case.

The returns also include (1) an unclassified discussion of the classified information in the returns; (2) an unclassified summary of the transcript of the CSRT hearings, including any statement or testimony by Petitioner or their "personal representatives"; and (3) other unclassified information that counsel have found highly useful in their representation of other detainees. And, although counsel may not disclose classified information in the returns to Petitioner, knowing that information enables counsel to focus their investigation and preparation of Petitioner's cases and to seek from Petitioner and others facts pertinent to their "enemy combatant" designation.

Finally, Respondents speculate that providing the returns in this case would increase the risk of inadvertent disclosure – or other compromise – of classified information. (*Id.* at 11–12.) This speculation lacks basis. Only counsel who have been granted security clearances and submitted themselves to a stringent Protective Order may see the classified information in the returns. "The Government's decision to grant an individual attorney a security clearance amounts to a determination that the attorney can be trusted with information at that level of clearance." *Al Odah v. United States*, 346 F. Supp. 2d 1, 14 (D.D.C. 2004). Counsel are unaware of any report that classified information provided by Respondents to cleared counsel in the detainee cases has been disclosed or otherwise compromised.

### 3. Any Stay Should Bar Respondents From Removing Petitioner From Guantánamo Without Advance Notice And Explicitly Permit Petitioner To Seek Emergency Relief.

This Court, and other Judges of the Court in at least 19 other cases, have prohibited Respondents from removing the petitioner in those cases from Guantánamo without providing counsel and the Court with 30-days' advance notice of the intended removal. Some of those Judges, including this Court, have imposed this notice requirement by means of a preliminary injunction.[1] Others have required advance notice as a condition of issuing a stay.[2] This Court should similarly impose a 30-day advance-notice requirement as a condition of entering a stay in this case; and the stay, like the stays in the other cases, should explicitly permit Petitioner to seek emergency relief. A copy of a Proposed Order is attached.

WHEREFORE, any stay entered by this Court should include a provision that requires Respondents to provide factual returns relating to Petitioner to his counsel within 30 days; to impose a 30-day advance-notice requirement before removing Petitioner as a condition of entering a stay; and should explicitly permit Petitioner to seek emergency relief.

---

[1] *Al-Adahi, v. Bush*, 05-CV-00280 (GK) (D.D.C. Apr. 28, 2005); *Al Joudi v. Bush*, 05-CV-00301 (GK) (D.D.C. Apr. 4, 2005); *Al-Marri v. Bush*, 04-CV-2035 (GK) (D.D.C. Apr. 4, 2005); *Al-Mohammed v. Bush*, 05-CV-00247 (HHK) (D.D.C. Mar. 30, 2005); *Abdah v. Bush*, 04-CV-1254 (HHK) (D.D.C. Mar. 29, 2005).

[2] *Al-Hela v. Bush*, 05-CV-01048 (RMU) (D.D.C. June 3, 2005); *Kurnaz v. Bush*, 04-CV-1135 (ESH) (D.D.C. Apr. 12, 2005); *Ameziane v. Bush*, 05-CV-00392 (ESH) (D.D.C. Apr. 12, 2005); *Abdullah v. Bush*, 05-CV-00023 (RWR) (D.D.C. Apr. 8, 2005); *Al Rashaidan v. Bush*, 05-CV-00586 (RWR) (D.D.C. Apr. 8, 2005); *El Banna v. Bush*, 04-CV-1144 (RWR) (D.D.C. Apr. 8, 2005); *Tumani v. Bush*, 05-CV-00526 (RMU) (D.D.C. Apr. 6, 2005); *Qayed v. Bush*, 05-CV-00454 (RMU) (D.D.C. Apr. 6, 2005); *Al-Wazan v. Bush*, 05-CV-00329 (PLF) (D.D.C. Apr. 1, 2005); *Al-Shihry v Bush*, 05-CV-00490 (PLF) (D.D.C. Apr. 1, 2005); *Al-Oshan v. Bush*, 05-CV-00520 (RMU) (D.D.C. Mar. 31, 2005).

- 5 -

Dated:  August 8, 2005                         Respectfully submitted,

                                              By:  /s/ Richard A. Soble
Richard A. Soble (MI Bar # P20766)
SOBLE ROWE KRICHBAUM, LLP
221 N. Main Street, Suite 200
Ann Arbor, MI  48104
Phone: (734) 996-5600
FAX: (734) 662-0552
Email: dick@srkllp.com
Attorney for Petitioner