IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                             )
**JIHAD DHIAB**, *et al.*                    )
    Petitioners,           )
                                             )    **Civil Action No. 05-01457 (HHK)**
*v.*                                         )
                                             )
**GEORGE W. BUSH, President of the**         )
**United States**, *et al.*,                 )
    Respondents.           )
_____)

**PETITIONER'S REPLY TO RESPONDENT'S OBJECTION TO PETITIONER'S RELATED-CASE DESIGNATION**

The Government contends that "there are over 150 Guantanamo habeas cases pending in this Court," and that the Abdah petitioners' case "is not any more 'related' to this case than are the others." (Resp't at 1.) However, the Guantanamo cases raise numerous common legal questions, and will raise more in the future. Indeed, under the Government's theory, each and every new petition filed by counsel could be assigned to a different judge. In so doing, the Government disregards the Court's vital interest in judicial economy, which the related-case rule promotes. The Court should overrule the Government's objection.

Civil cases "are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3). Courts apply the related-case rule primarily to promote judicial

economy. *See, e.g., Tripp v. Exec. Office of the President*, 194 F.R.D. 340, 342, 343-44 (D.D.C. 2000).[1]

*First,* the Abdah cases are "pending on the merits," because "the Court [has] retained jurisdiction and did not enter an order dismissing the case," and Petitioners have not yet had their habeas petitions adjudicated. *Collins v. Pension Benefit Guar. Corp.*, 126 F.R.D. 3, 6-7 (D.D.C. 1989).

*Second*, the two cases revolve around common factual issues. The Government has detained both sets of petitioners at the same facility; has labeled both sets of petitioners as "enemy combatants"; and has subjected both sets of petitioners to the same CSRT procedures. Most importantly, both sets of petitioners are Yemeni citizens and are represented by the same counsel.

WHEREFORE, Petitioner's case was properly filed and the Court should overrule Respondents' Objections to the Related-Case Designation.

Dated: August 8, 2005                        Respectfully submitted,

By: /s/ Richard A. Soble
Richard A. Soble (MI Bar # P20766)
SOBLE ROWE KRICHBAUM, LLP
221 N. Main Street, Suite 200
Ann Arbor, MI  48104
Phone: (734) 996-5600
FAX: (734) 662-0552
Email: dick@srkllp.com
Attorney for Petitioner

---

[1] *See also Alberti v. Gen. Motors Corp.*, 600 F. Supp. 1024, 1025 n.3 (D.D.C. 1984); *Bailey v. Dart Container Corp.*, 980 F. Supp. 584, 590 (D. Mass. 1997) (related-case rule "avoid[s] piecemeal litigation and minimize[s] the occurrence of inconsistent decisions").