IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIHAD DHIAB, *et al.*, | ) ) ) |
| Petitioners, | ) ) |
| v. | ) Civil Action No. 05-CV-1457 (GK) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) |
| Respondents. | ) ) |

**RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS
AND FOR CONTINUED COORDINATION**

Respondents hereby submit this reply memorandum in support of their motion to stay proceedings pending related appeals and for continued coordination in the above-captioned case.

## ARGUMENT

### I. Factual Returns Should Not Be Required

While petitioners concede that a stay is appropriate in this case, Pets' Mem. at 1, petitioners still insist a factual return should be filed in this case and that respondents should be required to file a factual return in 30 days. Pets' Mem. at 4. Petitioners' dismissive treatment of the needless expenditure of judicial and litigation resources that would result from submission of factual returns, ignores the cascade effect that would follow from not staying the cases. Presently, there are approximately 115 habeas cases pending on behalf of well over 200 detainees at Guantanamo Bay; the majority of those cases and petitioners were not subject to the decisions of Judges Leon and Green in Khalid,, et al. and In re Guantanamo Detainee Cases. A decision to

allow submission of factual returns to go forward pending the resolution of the appeals could precipitate a chain reaction — the scores of petitioners in other pending and future Guantanamo Bay detainee habeas cases, seeking parity of treatment, would request the Court to allow access to factual returns in those cases, perhaps even by lifting or modifying stays that have already been entered. This scenario is exactly what Judge Green aimed to avoid when she denied petitioners' motion to reconsider her order granting a stay pending appeal "in light of the substantial resources that would be expended and the significant burdens that would be incurred should this litigation go forward." See Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases (Feb. 7, 2005) (Green, J.). Indeed, the decision to allow a filing of a factual return would likely need to be revisited or relitigated, and may be shown to have been altogether unnecessary, once the Court of Appeals provides guidance regarding handling of the habeas claims of Guantanamo Bay detainees such as petitioners. Thus, in the interest of efficiency of judicial and litigation resources, as well as to minimize administrative burdens, this Court should hold proceedings in the above-captioned cases, including the filing of factual returns, in abeyance pending the outcome of the appeals of the decisions by Judges of this Court in the other Guantanamo Bay detainee cases.

In the event the Court orders the submission of factual returns, however, it could only be done pursuant to a coordinated and reasonable schedule, taking account of the fact that petitioners in all the recently filed cases are seeking factual returns and given the logistical burdens posed by an undertaking to produce returns in the cases.[1] Petitioners' request that

---

[1] Petitioners incorrectly state in their brief that respondents "were able to produce the classified versions of approximately 60 returns in little more than a week when Judge Green ordered respondents to do so in the cases under her supervision." Pets' Mem. at 2. The factual

factual returns be filed in 30 days would result in an unnecessary logistical burden for respondents. See, Pets' Mem. at 4. Each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Further, submission of these returns will increase the risks of inadvertent or other disclosure or compromise of classified information. Given that the D.C. Circuit will be considering the proper scope of these proceedings, including whether the claims of petitioners can be dismissed without reference to specific factual returns for petitioners, there is no justification to incur substantial burdens on government resources and increase the risk to national security by providing petitioners' counsel access to factual returns which may ultimately prove unnecessary.

     Though the submission of factual returns should not go forward at all, a schedule for any such undertaking should be no more restrictive than is necessary; for example, a schedule for the rolling production of factual returns in these (and potentially other) cases over anything less than the next 10 to 12 weeks would be burdensome. See e.g., Ameziane, No. 05-CV-392 (ESH) (dkt. no. 12) (imposing 90-day schedule); Al-Anazi, No. 05-CV-0345 (JDB) (dkt. no. 21) (imposing 120-day schedule); Qayed, No. 05-CV-0454 (RMU) (dkt. no. 5) (imposing 90-day schedule); Battayav, No. 05-CV-0714 (RBW) (dkt. no. 12) (imposing 120-day schedule). At a minimum, respondents should be given the 90-day schedule which this Court has approved for other

---

returns ordered by Judge Green were actually produced by respondents in several batches in a process that took months to properly complete.

Guantanamo Bay cases. See e.g, Al-Joudi, No. 05-301 (GK) (dkt. no. 26) (imposing 90-day schedule); Al-Adahi, No. 05-280 (GK) (dkt. no.35) (imposing 90-day schedule).

For these reasons, the Court should not order the production of factual returns for petitioners in this case, and in no event should it require returns to be produced in 30 days.

## II.    A Stay Should Not Be Conditioned On Advance Notice of Any Transfer.

Petitioners also seek to condition a stay in this case on a requirement of 30-days' advance notice of any transfer of petitioner from Guantanamo. Pet's Mem. at 4. In seeking such a condition, petitioner attempts to sidestep his burden of demonstrating that he is entitled to preliminary injunctive relief. Petitioner's attempt, however, must fail because his request is injunctive in nature, and preliminary injunctive relief "is an extraordinary and drastic remedy" that should not be available "unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original). Preliminary injunctive relief is not warranted unless the movant can clearly demonstrate that (1) the movant will suffer irreparable injury in the absence of an injunction; (2) the movant has a substantial likelihood of success on the merits with respect to the requested relief; (3) the injunction would not substantially injure other interested parties; and (4) the injunction would further the public interest. See Al-Fayed v. CIA, 254 F.3d 300, 303 (D.C. Cir. 2001).

Petitioner cannot circumvent these requirements merely by seeking the same measures of relief in the form of a condition on a requested stay. Two other decisions in related Guantanamo detainee cases have rejected such tactics. In Al-Anazi v. Bush, 370 F. Supp. 2d 188, 199 n.11 (D.D.C. 2005), the Court rejected petitioners' request for advance notice of transfer and explained that "if petitioners cannot meet the prerequisites of a motion for preliminary injunction (as the

Court concludes), it is unlikely they should receive that same relief through the backdoor of a stay." Similarly, in Battayav v. Bush, No. 05-CV-714 (RBW), Order at 3-5 (May 18, 2005) (dkt. no. 12), the Court determined that petitioners' requests that any stay order imposed be accompanied by an order requiring respondents to provide 60 days' notice of any Administrative Review Board proceeding were effectively a request for preliminary injunctive relief without any factual support. The Court stated that petitioners' request for 60 days' notice was "in effect a motion for a preliminary injunction," but petitioners made "no attempt to show that they satisfy the criteria for obtaining injunctive relief, e.g., irreparable harm and likelihood of success on the merits." Id. at 4-5.

Accordingly, petitioner has the burden to make a clear showing that he is entitled to the injunctive relief he seeks. As explained below, petitioner has not adequately demonstrated that his request for 30 days' advance notice of transfer is justified.

Petitioner has failed to present a valid factual or legal basis for his request that respondents provide the Court and petitioner's counsel with 30 days' advance notice of any intended removal of petitioner from the Guantanamo Bay Naval Base. Such relief is inappropriate, as more fully expressed in respondents' Memorandum in Opposition to Petitioners' Motion for Temporary Restraining Order and Preliminary Injunction Requiring Advance Notice of Any Intended Removal of Petitioner from Guantanamo, filed in Al Hela v. Bush, Civ. A. No. 05-1048 (RMU), on June 3, 2005 (dkt. no. 10). The memorandum, and its accompanying declarations, are attached hereto as Exhibits 1-3, and are incorporated herein by

5

reference.[2] For the reasons set forth in that memorandum and the declarations, respondents respectfully request that petitioner's request that any stay of this case be conditioned on the provision of such advance notice be denied.

## CONCLUSION

For the reasons stated in respondents' motion to stay proceedings pending related appeals and for continued coordination, and in this supporting reply memorandum, this Court should stay further proceedings in the above-captioned cases pending the appeals of Judge Leon's decision in Khalid, et al. and Judge Green's January 31, 2005 decision in In re Guantanamo Detainee Cases and any deny petitioners' requested conditions on such a stay.

Dated: August 16, 2005                     Respectfully submitted,

                                           PETER D. KEISLER
                                           Assistant Attorney General

                                           KENNETH L. WAINSTEIN
                                           United States Attorney

                                           DOUGLAS N. LETTER
                                           Terrorism Litigation Counsel

---

[2] While respondents recognize that this Court has issued orders in other Guantanamo detainee habeas cases requiring advance notice of transfer of petitioners in those cases, see, e.g., Al Joudi v. Bush, Civ. A. No. 05-301 (Memorandum Opinion; April 4, 2005; dkt. no. 20), respondents respectfully continue to oppose such relief in this case.

     /s/ James J. Schwartz
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ (D.C. Bar No. 468625)
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7310
Washington, DC  20530
Tel:  (202)616-8267
Fax:  (202) 616-8202

Attorneys for Respondents