PREVIOUSLY SUBMITTED TO CSO<br>AND CLEARED FOR PUBLIC FILING

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIHAD DHIAB, et al., | ) |
| *Petitioners/Plaintiffs*, | ) |
| v. | )  1:05-cv-01457-GK |
| GEORGE W. BUSH, et al., | ) |
| *Respondents/Defendants*. | ) |

### MOTION FOR TEMPORARY LIFT OF STAY
### AND ENTRY OF PROTECTIVE ORDER

Petitioner Jihad Dhiab respectfully requests the Court to temporarily lift the stay in place in this case and enter the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first issued on November 8, 2004 (344 F. Supp. 2d 174 (D.D.C. 2004)), the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004, and the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004, all in the *In re Guantánamo Bay Detainee Cases* by then Coordinating Judge Joyce Hens Green (collectively the "Protective Order").[1] *See* Exhibits 1-3.

Entry of the Protective Order would give Mr. Dhiab the opportunities provided to prisoners in other pending Guantánamo Bay prisoner cases: the opportunity to send and receive legal mail and to meet with counsel at Guantánamo. Mr. Dhiab has been held in Guantánamo for

---

[1] Although Mr. Dhiab is moving for entry of the Protective Order, he reserves the right to challenge or seek modification of any particular terms of the Protective Order in the future, and to ask this Court to review any designation made by Respondents of particular information as "protected," as may be appropriate.

1

PREVIOUSLY SUBMITTED TO CSO
AND CLEARED FOR PUBLIC FILING

over five years without ever seeing or communicating with an attorney. Undersigned counsel will be traveling to Guantánamo Bay to meet various clients from April 7-16, 2008, and would like to see Mr. Dhiab then. However, he cannot do so absent entry of the Protective Order.

Pursuant to Local Civil Rule 7(m), undersigned counsel conferred with Respondents' counsel regarding this motion, but Respondents' counsel declined to consent to entry of the Protective Order.

The Government's objection to entry of the Protective Order must be rejected. Guantánamo Bay habeas cases remain active and valid challenges to incarceration without due process. For instance, just last week, the D.C. Circuit ruled that district courts have the power to consider restraining orders barring transfer from Guantánamo to possible torture – as this court has already found. *See Belbacha v. Bush*, No. 07-5258 (D.C. Cir.) (opinion issued March 14, 2008); *Alhami v. Bush*, No. 05-359-GK, Memorandum Order, Dkt. No. 58 (D.D.C. October 2, 2007) (granting preliminary injunction barring transfer to Tunisia). *Cf. Maqaleh v. Gates*, No. 06-1669 (JDB), Dkt. No. 13 (D.D.C. July 18, 2007) (denying without prejudice government's motion to dismiss per MCA based on grant of certiorari in *Boumediene*); *Ameziane v. Bush*, No. 05-0392 (ESH), Minute Order (D.D.C. July 5, 2007) (denying without prejudice respondents' motions to dismiss habeas petitions pending the Supreme Court's decision in *Boumediene*); *Al Ginco v. Bush*, No. 06-5191 (D.C. Cir. June 7, 2007) (denying without prejudice the government's motions to vacate 30-day notice orders and to dismiss habeas petitions; stating that "the district court may consider in the first instance … petitioners' motions to stay and hold in abeyance"). With this motion, Mr. Dhiab seeks far less than a preliminary injunction. He asks merely for entry of the Protective Order, allowing him the right to meet with counsel and send legal mail, the rights accorded already to tens of Guantánamo prisoners.

**PREVIOUSLY SUBMITTED TO CSO
AND CLEARED FOR PUBLIC FILING**

Petitioners' case is stayed due to the various appeals now before the Supreme Court. *See Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. denied*, 127 S. Ct. 1478 (2007), *reh'g granted*, *vacated*, *and cert. granted*, 127 S. Ct. 3078 (2007). This stay should be temporarily lifted to allow entry of the Protective Order, because "[d]espite the lack of finality regarding the issues on appeal, . . . it is hardly sensible to withhold or frustrate something that no one doubts is petitioner's right—a meaningful communication with counsel regarding the factual basis of petitioner's detention." *Feghoul v. Bush*, No. 06-cv-0618-RWR (D.D.C. Oct. 31, 2006) ("Allowing petitioners to meet with their lawyers . . . is not the type of interim relief that even remotely risks infringing on [higher court's] jurisdiction.") (quoting *Said v. Bush*, No. 05-2384-RWR-AK, slip. op. at 10 (D.D.C. May 23, 2006) (Kay, M.J.)).

Moreover, Respondents stated in their Motion to Stay Proceedings Pending Related Appeals and for Continued Coordination ("Motion to Stay") in this action, that they would not object to entry of the Protective Order. Respondents told the Court: "In seeking a stay, however, respondents do not intend thereby to block counsel access to properly represented petitioners. To that end, respondents do not object to entry of the protective order previously entered in other Guantánamo detainee cases, along with appropriate supplementary orders, to permit such access." *See* Respondents' Motion to Stay Proceedings Pending Related Appeals and for Continued Coordination, Dkt. 4 (July 29, 2005). Unfortunately, no such Protective Order was entered in this case. The Motion to Stay was granted on August 29, 2005.

Since the enactment of the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, 119 Stat. 2680, and the Military Commissions Act of 2006 ("MCA"), Pub. L. 109-366, 120 Stat. 2600, the Protective Order has been entered in numerous Guantánamo habeas cases, including several that had been stayed pending resolution of all appeals. *See, e.g., Matin v. Bush*,

3

PREVIOUSLY SUBMITTED TO CSO
AND CLEARED FOR PUBLIC FILING

No. 06-cv-1679-RMU (D.D.C. Feb. 14, 2007); *Abdessalam v. Bush*, No. 06-cv-1761-ESH (D.D.C. Dec. 22, 2006); *Hentif v. Bush*, No. 06-cv-1766-HHK (D.D.C. Nov. 21, 2006); *Saleh v. Bush*, No. 06-cv-1765-HHK (D.D.C. Nov. 17, 2006); *Feghoul v. Bush*, No. 06-cv-0618-RWR (D.D.C. Oct. 31, 2006); *Lal v. Bush*, No. 06-cv-1763-CKK (D.D.C. Oct. 29, 2006) (all entering Protective Order after enactment of MCA). *See also Amon v. Bush*, No. 05-1493-RBW (D.D.C. June 19, 2006) (entering Protective Order despite stay); *Al-Harbi v. Bush*, No. 05-cv-02479-HHK (D.D.C. May 11, 2006) (entering Protective Order despite stay); *Faizullah v. Bush*, No. 05-cv-1489-RMU (D.D.C. Apr. 21, 2006) (entering Protective Order despite stay); *Sohail v. Bush*, No. 05-cv-993-RMU (D.D.C. Apr. 21, 2006) (entering Protective Order despite stay); *Al Salami v. Bush*, No. 05-cv-2452-PLF (D.D.C. Apr. 13, 2006); *Zadran v Bush*, No. 05-cv-2367-RWR (D.D.C. Apr. 12, 2006); *Alsaaei v. Bush*, No. 05-cv-2369-RWR (D.D.C. Apr. 12, 2006); *Said v. Bush*, No. 05-cv-2384-RWR (D.D.C. Apr. 12, 2006); *Al Shareef v. Bush*, No. 05-cv-2458-RWR (D.D.C. Apr. 12, 2006); *Awad v. Bush*, No. 05-cv-2379-JR (D.D.C. Apr. 11, 2006); *Thabid v. Bush*, No. 05-cv-2398-ESH (D.D.C. Mar. 21, 2006); *Razakah v. Bush*, No. 05-cv-2370-EGS (D.D.C. Mar. 17, 2006); *Labed Ahmed v. Bush*, No. 05-cv-1234-EGS (D.D.C. Mar. 2, 2006); *Wahab v. Bush*, No. 05-cv-886-EGS (D.D.C. Jan. 10. 2006); *Mohammad v. Bush*, No. 05-cv-879-RBW (D.D.C. Jan. 9, 2006); *Bostan v. Bush*, No. 05-cv-883-JR (D.D.C. Jan. 9, 2006); *Khiali-Gul v. Bush*, No. 05-cv-877-JR (D.D.C. Jan. 6, 2006).

The effect – if any – of the DTA and MCA on this Court's habeas jurisdiction will be resolved shortly by the United States Supreme Court. While the Supreme Court ponders its decision, the Protective Order remains in place in numerous other Guantánamo Bay cases. Counsel visits continue for those prisoners. Respondents can offer no valid reason to deny Mr. Dhiab the same opportunity. *See Powell v. Alabama*, 287 U.S. 45, 69, 53 S. Ct. 55 (1932) (recognizing "[e]ven

**PREVIOUSLY SUBMITTED TO CSO
AND CLEARED FOR PUBLIC FILING**

the intelligent and educated layman . . . requires the guiding hand of counsel at every step in the proceedings against him.").

    For the foregoing reasons, counsel respectfully requests that the Court temporarily lift the stay in this case and enter the requested Protective Order, permitting counsel to meet with Mr. Dhiab between April 7 and 16.

Dated: March 18, 2008                      Respectfully submitted,

                                             _____/s_____
                                             Zachary Katznelson
                                             California Bar No. 209489
                                             22 Tudor Street
                                             London EC4Y 0AY
                                             England
                                             Phone: 011 44 207 353 4640
                                             Fax: 011 44 207 353 4641
                                             E-mail: zachary@reprieve.org.uk

                                             *Counsel for Petitioners*

**PREVIOUSLY SUBMITTED TO CSO**
**AND CLEARED FOR PUBLIC FILING**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of March, 2008, the original and two copies of this Motion and Proposed Order were sent via FedEx to the Court Security Officer. Per established procedures in Guantánamo Bay habeas litigation, the Court Security Officer will serve the Motion and Proposed Order on counsel for Respondents: Terry Marcus Henry, Andrew Warden and Judry Laeb Subar, all of the U.S. Department of Justice.

                                            ___/s_____
                                            Zachary Katznelson