IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JIHAD DHIAB , *et al.*, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-CV-1457 (GK) |
| | ) | |
| GEORGE W. BUSH, | ) | |
| President of the United States, | ) | |
| *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**RESPONDENTS' OPPOSITION TO MOTION FOR TEMPORARY
LIFT OF STAY AND ENTRY OF PROTECTIVE ORDER**

Respondents hereby oppose petitioner Jihad Dhiab's motion (dkt. no. 29), which seeks

entry in this case of the protective orders issued in many of the habeas cases brought by

detainees at Guantanamo Bay.[1]  Petitioner's motion should be denied because this Court lacks

jurisdiction over this case.  *See Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert.

granted*, 75 U.S.L.W. 3707 (June 29, 2007).  Moreover, the relief that petitioner requests is

unwarranted given that he has a jurisdictionally appropriate alternative available to him, namely

the protective order approved by the Court of Appeals for Detainee Treatment Act cases.

Petitioner has inexplicably refused to avail himself of that option and, instead, requests that this

Court assert jurisdiction in this case and enter the habeas protective orders, contrary to the Court

---

[1] *See In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. Nov. 8, 2004)
("Amended Protective Order"); Order Supplementing and Amending Filing Procedures
Contained in November 8, 2004 Amended Protective Order in *In re Guantanamo Detainee
Cases*, No. 02-CV-0299, *et al.* (D.D.C. Dec. 13, 2004); Order Addressing Designation
Procedures for "Protected Information" in *In re Guantanamo Detainee Cases*, No. 02-CV-0299,
*et al.* (D.D.C. Nov. 10, 2004).

of Appeals' *Bouemedine* decision.  Further, petitioner has failed to demonstrate that the putative

next friend in this case has standing to pursue this action.

For these reasons, as explained further below, petitioner's motion should be denied.

## BACKGROUND

The habeas corpus petition in this case was filed on July 22, 2005, on behalf of a

petitioner named Jihad Dhiab.  The petitioner in this case did not filed this matter directly, but

rather through another Guantanamo Bay detainee, Shaker Aamer, acting as putative "next

friend" on behalf of approximately twenty Guantanamo detainees, including Mr. Dhiab.  *See*

Petition, Exhibit A.  Petitioner Aamer's attempt to comply with the requirement of the habeas

statute that a petition for a habeas writ be "signed and verified by the person for whose relief it is

intended or by someone acting on his behalf," 28 U.S.C. § 2242, involves a statement signed by

him, listing a number of detainees and their nationalities, as well as the assertion, without

explanation, that Aamer wants his attorney to be the attorney for a group of detainees because

Aamer "know[s] them by living with them in jail for 3 years."  *See* Petition, Exhibit A.

Pursuant to the Court's August 29, 2005 Minute Order, proceedings in this case are

stayed pending the resolution of all appeals in *Boumediene v. Bush*, No. 04-CV-1166 (RJL), 355

F. Supp. 2d 311 (D.D.C. 2005), and *In re Guantanamo Detainee Cases*, No. 02-CV-0299, et al.,

355 F. Supp. 2d 443 (D.D.C. 2005).

## ARGUMENT

I.    **PETITIONER'S MOTION SHOULD BE DENIED BECAUSE THE COURT
      LACKS JURISDICTION.**

Petitioner's request for entry of the habeas protective orders should be denied because the

Court lacks jurisdiction to grant the requested relief.  On October 17, 2006, the Military

Commissions Act of 2006 ("MCA") was enacted.  *See* Pub. L. No. 109-366, § 7, 120 Stat. 2600.

The MCA amended the habeas statute, 28 U.S.C. § 2241, adding a subsection (e) to provide that

"[n]o court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed

by aliens detained by the United States determined to be enemy combatants or awaiting such a

status determination, or (2) any other action "relating to any aspect of the detention, transfer,

treatment, trial, or conditions of confinement" of an alien who is or was so detained, except for

the exclusive review mechanism in the Court of Appeals created under the DTA for addressing

the validity of the detention of such an alien.[2]  *See* MCA § 7(a).  This new amendment to § 2241

took effect on the date of enactment and applies specifically "to all cases, without exception,

pending on or after the date of the enactment of this Act which relates to any aspect of the

detention, transfer, treatment, trial, or conditions of detention of an alien detained by the United

States since September 11, 2001."  *Id.* § 7(b).

On February 20, 2007, the Court of Appeals held in *Boumediene* that the MCA plainly

applies to all cases filed by aliens detained as enemy combatants, including pending habeas

petitions such as this one, and withdraws all District Court jurisdiction over such cases,

including both habeas and non-habeas claims.  *See* 476 F.3d 981, 986-88 & n.1; *id.* at 994

("Federal courts have no jurisdiction in these cases.").  The Court of Appeals also held that the

withdrawal of habeas jurisdiction over pending cases did not violate the Suspension Clause

because the alien detainees held at Guantanamo have no constitutional rights and because the

---

[2] *See* DTA § 1005(e)(2)-(3) (as amended by MCA §§ 9-10).  Section 1005(e)(2) of the DTA, as amended, states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review.

constitutional right to seek habeas review does not extend to aliens held at Guantanamo. *Id.* at

988-94. Consequently, the Court of Appeals (1) ordered that the district courts' decisions on

appeal be vacated and (2) dismissed the cases on appeal for lack of jurisdiction. *Id.* at 994.

The Supreme Court granted *certiorari* in *Boumediene* on June 29, 2007, *see Boumediene*

*v. Bush*, 127 S. Ct. 3078 (June 29, 2007), and heard argument on December 5, 2007. However,

at least while *Boumediene* remains pending before the Supreme Court, the law of this Circuit[3]

remains settled: under the MCA, federal district courts do not have jurisdiction over cases

brought by aliens at Guantanamo Bay detained as enemy combatants, and such aliens do not

have constitutional rights.[4] Accordingly, the Court lacks jurisdiction over petitioner's case.

---

[3] *See Maxwell v. Snow*, 409 F.3d 354, 358 (D.C. Cir. 2005) ("this Court is bound to
follow circuit precedent until it is overruled either by an *en banc* court or the Supreme Court")*;*
*Ayuda, Inc. v. Thornburgh*, 919 F.2d 153, 154 (D.C. Cir. 1990) (Henderson, J., concurring)
("Once [an] opinion [is] released it [becomes] the law of this circuit."); *Vo Van Chau v. U.S.*
*Dep't of State*, 891 F. Supp. 650, 654 (D.D.C. 1995) (holding that the district court was bound by
the principle of *stare decisis* to abide by a Court of Appeals decision even though the Court of
Appeals had not yet issued its mandate and even though the mandate was stayed during the
pendency of a petition for rehearing). The law of the circuit doctrine renders the decision of a
panel of circuit judges binding on all other panels within that circuit, *LaShawn A. v. Barry*, 87
F.3d 1389, 1395 (D.C. Cir. 1996) (*en banc*), and also on district courts within that circuit. And,
"[t]he requirement that jurisdiction be established as a threshold matter ... is 'inflexible and
without exception." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (internal
quotation marks and citations omitted).

[4] Even prior to enactment of the MCA, the DTA invested the Court of Appeals with the
same "exclusive jurisdiction to determine the validity of any final decision of a Combatant Status
Review Tribunal that an alien is properly detained as an enemy combatant." *See* DTA
§ 1005(e)(2)-(3). This investment of exclusive jurisdiction in the Court of Appeals, independent
of the MCA, deprived the district court of jurisdiction in cases challenging the detention of
enemy combatants. *See, e.g., Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207-09 (1994)
("exclusive" jurisdiction under federal Mine Act precludes assertion of district court
jurisdiction); *Laing v. Ashcroft*, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily
reserved for instances in which no other judicial remedy is available"); *Telecomms. Research &*
*Action Ctr. v. FCC*, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court
that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive
review of the Court of Appeals); *cf. id.* at 77 ("By lodging review of agency action in the Court

Indeed, based on this controlling precedent, the Court of Appeals recently emphasized

that *Boumediene* "remains the law of this Circuit" and bars the assertion of jurisdiction. *See*

*Rasul v. Myers*, 2008 WL 108731 at *14. (D.C. Cir. Jan. 11, 2008). The Court of Appeals

explained:

> *Boumediene* is currently before the Supreme Court on certiorari review.
> Nevertheless, we must follow Circuit precedent until and unless it is altered by
> our own en banc review or by the High Court. *See United States v. Carson*, 455
> F.3d 336, 384 n.43 (D.C. Cir. 2006) ("[W]e are, of course, bound to follow circuit
> precedent absent contrary authority from an en banc court or the Supreme Court."
> (citing *Brewster v. Comm'r*, 607 F.2d 1369, 1373 (D.C. Cir. 1979)).

*Id.* at n.15.

The Court of Appeals' recent decision in *Belbacha v. Bush*, No. 07-5258 (Mar. 14, 2008),

does not support the assertion of jurisdiction in this matter. The *Belbacha* decision arose in the

context of a Guantanamo detainee seeking to block his transfer to Algeria, an action that would

have clearly divested the court of any jurisdiction to adjudicate the habeas petition in that case

should *Boumediene* be overturned. *See* Slip op. at 9 ("Belbacha's transfer would make it

impossible for the district court to entertain his claim to relief that the Constitution might

guarantee."). The D.C. Circuit held that, during the pendency of review on *certiorari* of a

colorable jurisdictional issue, and in the absence of a mandate (which had been issued by that

court but then withdrawn), a court retains the power to enter a preliminary injunction to prevent

action that would defeat the court's putative jurisdiction, where the standards for obtaining such

injunctive relief are met. *See* Slip. op. at 7. That holding has no application in this case,

---

of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over
the class of claims covered by the statutory grant of review power."). In any event, with the
enactment of the MCA, as the D.C. Circuit made clear in *Boumediene*, district court jurisdiction
has been unambiguously withdrawn.

however, where the Court is not being asked to enter injunctive relief to prevent action that

would altogether defeat arguable jurisdiction or that would preserve the status quo.  Notably,

petitioner's motion fails to identify any proposed action by respondents that would deprive this

Court of jurisdiction to hear the merits of petitioner's habeas case.  Contrary to the *Belbacha*

situation where the court emphasized that the purpose of any injunctive relief would be "to

preserve the status quo," *id.*, petitioner asks this Court to alter the status quo, lift the stay of

proceedings, and assert jurisdiction in order to enter the habeas protective orders.  With respect

to such an assertion of jurisdiction, unhinged from any circumstance found in *Belbacha*,

*Boumediene* is not limited by *Belbacha* and states the controlling the law of this Circuit.  *See*

*also Belbacha*, slip op. at 7 (noting that "[a] decision of this court is binding upon a later panel

and upon the district court" prior to announcing the limited exception to that rule).  Thus, in

circumstances such as in this case, as the D.C. Circuit recognized in *Rasul*, courts are not free to

ignore the binding precedent in *Boumediene* merely because the Supreme Court has granted

review.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Without

jurisdiction [a] court cannot proceed at all in any cause.  Jurisdiction is power to declare the law,

and when it ceases to exist, the only function remaining to the court is that of announcing the

fact and dismissing the cause.'" (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

    The jurisdictional inadequacy of this case is compounded by the absence from the record

of evidence sufficient to establish the "next-friend" standing of the individual purporting to sue

on behalf of Mr. Dhiab.  *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990) (two-prong test to

establish next-friend standing); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)

(noting that party asserting jurisdiction bears burden of demonstrating standing and stating that

jurisdiction must be proven "with the manner and degree of evidence required at successive

stages of the litigation").

Consequently, this Court has no choice but to deny petitioner's motion for entry of the

protective order.[5]

### II.    PETITIONER'S REQUEST FOR ENTRY OF A PROTECTIVE ORDER SHOULD BE DENIED BECAUSE PETITIONER MAY SEEK ENTRY OF A PROTECTIVE ORDER IN A DETAINEE TREATMENT ACT CASE.

Petitioner argues that entry of a protective order in this case is needed so that his counsel

can visit him at Guantanamo Bay. *See* Petitioner's Motion at 1-2. That assertion is simply

incorrect. Whatever the ultimate outcome of Supreme Court review in the *Boumediene* case may

be, it is indisputable that in the interim, consistent with the law of the Circuit, Guantanamo

detainee habeas cases, such as this one, should not be, and are not, moving forward on the

merits. On the other hand, a jurisdictionally appropriate alternative is available to petitioner to

challenge the merits of his detention in a DTA petition in the Court of Appeals. Moreover, the

Court of Appeals has adopted a protective order in the DTA litigation that creates a counsel

access regime consistent with the scope of review established by Congress. In *Bismullah v.*

*Gates*, 501 F.3d 178 (D.C. Cir. 2007), *cert. pending* (07-1052), the Court of Appeals entered a

---

[5] Although petitioner correctly contends that respondents consented to entry of the protective orders in the context of respondents' motion to stay, *see* dkt. no. 4 at 1-2., the jurisdictional posture of this case was far different at that time than it is now. At the time respondents' stay motion was filed (July 2005), the Court had subject-matter jurisdiction over this case by virtue of the Supreme Court's decision in *Rasul v. Bush*, 542 U.S. 466 (2004). The jurisdictional posture of this case changed significantly, however, with the passage of the DTA in December 2005 and the MCA in October 2006. Since these statutes became law, respondents have opposed the assertion of jurisdiction by the district courts to enter the protective orders for the reasons explained above. Further, respondents note that the Court's August 29, 2005 Minute Order relative to the stay motion simply granted respondents' motion to stay and did not purport to take any action with respect to entry of the protective orders in this case.

protective order after a host of issues had been litigated, and after the Court of Appeals

specifically considered and rejected the very district court protective order regime now sought by

petitioner. *See id.* at 189-90; *see also Bismullah v. Gates*, No. 06-1197, and *Parhat v. Gates*, No.

06-1397 (October 23, 2007) (entering Amended Protective Order). Given this situation,

petitioner has no legitimate claim to action by this Court; he neither needs a protective order here

to pursue live claims in this Court nor lacks an available and jurisdictionally appropriate forum

in which to obtain comparable relief. Such relief should be granted as appropriate not by this

Court, but by the Court of Appeals in the context of a DTA case.

## CONCLUSION

For the reasons stated above, petitioner's motion for temporary lift of stay and entry of

protective order should be denied. A proposed order is attached.


Dated: March 31, 2008                    Respectfully submitted,

                                         JEFFREY S. BUCHOLTZ
                                         Acting Assistant Attorney General

                                         DOUGLAS N. LETTER
                                         Terrorism Litigation Counsel

                                            */s/ Andrew I. Warden*
                                         JOSEPH H. HUNT (D.C. Bar No. 431134)
                                         VINCENT M. GARVEY (D.C. Bar No. 127191)
                                         JUDRY L. SUBAR (D.C. Bar 347518)
                                         TERRY M. HENRY
                                         JAMES J. SCHWARTZ
                                         JEAN LIN
                                         ROBERT J. KATERBERG
                                         ANDREW I. WARDEN (IN Bar 23840-49)
                                         NICHOLAS A. OLDHAM
                                         JAMES C. LUH
                                         Attorneys

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4938
Fax:  (202) 616-8470

Attorneys for Respondents