UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-442 (TFH)<br><br>Civil Action Nos.<br><br>02-CV-0828, 04-CV-1136, 04-CV-1164, 04-CV-1194,<br>04-CV-1254, 04-CV-1937, 04-CV-2022, 04-CV-2035,<br>04-CV-2046, 04-CV-2215, 05-CV-0023, 05-CV-0247,<br>05-CV-0270, 05-CV-0280, 05-CV-0329, 05-CV-0359,<br>05-CV-0392, 05-CV-0409, 05-CV-0492, 05-CV-0520,<br>05-CV-0526, 05-CV-0569, 05-CV-0634, 05-CV-0748,<br>05-CV-0763, 05-CV-0764, 05-CV-0765, 05-CV-0833,<br>05-CV-0877, 05-CV-0881, 05-CV-0883, 05-CV-0886,<br>05-CV-0889, 05-CV-0892, 05-CV-0993, 05-CV-0994,<br>05-CV-0995, 05-CV-0998, 05-CV-0999, 05-CV-1048,<br>05-CV-1124, 05-CV-1189, 05-CV-1220, 05-CV-1234,<br>05-CV-1236, 05-CV-1244, 05-CV-1347, 05-CV-1353,<br>05-CV-1429, 05-CV-1457, 05-CV-1458, 05-CV-1487,<br>05-CV-1490, 05-CV-1497, 05-CV-1504, 05-CV-1505,<br>05-CV-1506, 05-CV-1509, 05-CV-1555, 05-CV-1590,<br>05-CV-1592, 05-CV-1601, 05-CV-1602, 05-CV-1607,<br>05-CV-1623, 05-CV-1638, 05-CV-1639, 05-CV-1645,<br>05-CV-1646, 05-CV-1649, 05-CV-1678, 05-CV-1704,<br>05-CV-1725, 05-CV-1971, 05-CV-1983, 05-CV-2010,<br>05-CV-2083, 05-CV-2088, 05-CV-2104, 05-CV-2112,<br>05-CV-2185, 05-CV-2186, 05-CV-2199, 05-CV-2200,<br>05-CV-2249, 05-CV-2348, 05-CV-2349, 05-CV-2367,<br>05-CV-2370, 05-CV-2371, 05-CV-2378, 05-CV-2379,<br>05-CV-2380, 05-CV-2381, 05-CV-2384, 05-CV-2385,<br>05-CV-2386, 05-CV-2387, 05-CV-2398, 05-CV-2444,<br>05-CV-2477, 05-CV-2479, 06-CV-0618, 06-CV-1668,<br>06-CV-1674, 06-CV-1684, 06-CV-1688, 06-CV-1690,<br>06-CV-1691, 06-CV-1725, 06-CV-1758, 06-CV-1759,<br>06-CV-1761, 06-CV-1765, 06-CV-1766, 06-CV-1767,<br>07-CV-1710, 07-CV-2337, 07-CV-2338, 08-CV-0864,<br>08-CV-0987 |

**RESPONDENTS' STATUS REPORTS AND
RESPONSE TO COURT'S JULY 11, 2008 ORDER**

Pursuant to the Court's July 11, 2008 Scheduling Order calling for individual status reports in the above-captioned cases, attached hereto as Exhibit 1 are individual status reports concerning 150 petitioners in the above-captioned cases whom respondents have identified and who are currently detained at Guantanamo Bay. The reports are organized in the order of civil action number. Subject to the qualifications noted below, each report discusses one detainee-petitioner and an index of all the detainee-petitioners (listing their Internment Serial Numbers and civil action numbers, organized both in numerical order and by judge) is found at the beginning of Exhibit 1.

With respect to cases involving multiple petitioners, and excluding *Mohammon v. Bush*, 05-CV-2386 (RBW) and *Al-Halmandy v. Bush*, 05-CV-2385 (RMU) -- two cases involving exceptionally large numbers of petitioners -- a separate status report is provided for each individual petitioner currently detained at Guantanamo Bay. Further, respondents have noted the existence of duplicate habeas corpus petitions filed by the petitioner, if any, in the caption of each individual status report, but note for purposes of clarity that the first-listed case in the caption is the operative petition addressed in the report and, accordingly, the report provides information about the status of that particular case. With respect to *Al-Halmandy* and *Mohammon*, respondents have submitted one combined status report for each case. Additionally, because the approximately 200 petitioners in *Al-Halmandy* and *Mohammon* account for the majority of duplicate petitions filed in these cases, respondents also intend to address the status of the duplicate petitioners in the joint report that the Court has directed the parties to file relating, *inter alia*, to that issue, on July 21, 2008.

Respondents have not prepared individual status reports for two categories of petitioners due to the unique status of these petitioners. First, respondents have not been able to identify a

number of petitioners in the above-captioned cases as current or former detainees at Guantanamo Bay. A list of these petitioners is attached hereto as Exhibit 2. Because these petitioners have not been identified as Guantanamo Bay detainees, the petitions should be dismissed. Second, a large number of petitioners whom respondents have identified are no longer detained at Guantanamo Bay. A list of these petitioners is attached hereto as Exhibit 3. In light of these petitioners' release from United States custody, the claims of these petitioners should be dismissed as moot. Indeed, some of these petitions were previously dismissed by the judges originally assigned to handle the cases. Respondents' position is that all of these previously-dismissed cases should remain dismissed and all pending petitions brought by or on behalf of petitioners listed on Exhibit 3 should be dismissed as to such petitioners as moot.

Dated: July 18, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

   /s/ Judry L. Subar

/s/ Andrew I. Warden
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar 347518)
TERRY M. HENRY
ANDREW I. WARDEN (IN Bar 23840-49)
PAUL E. AHERN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 616-5084
Fax:  (202) 616-8470
Attorneys for Respondents