UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:

GUANTANAMO BAY
DETAINEE LITIGATION

Misc. No. 08-442 (TFH)

Civil Action Nos.

04-CV-1164, 04-CV-1166, 04-CV-1194, 04-CV-2215,
05-CV-0280, 05-CV-0329, 05-CV-0359, 05-CV-0429,
05-CV-0492, 05-CV-0877, 05-CV-0892, 05-CV-0999,
05-CV-1353, 05-CV-1429, 05-CV-1457, 05-CV-1490,
05-CV-1497, 05-CV-1504, 05-CV-1509, 05-CV-1555,
05-CV-1645, 05-CV-2088, 05-CV-2104, 05-CV-2199,
05-CV-2223, 05-CV-2349, 05-CV-2367, 05-CV-2384,
05-CV-2385, 05-CV-2386, 06-CV-1668, 06-CV-1766,
06-CV-1767, 07-CV-2337, 07-CV-2338, 08-CV-1101,
08-CV-1233, 08-CV-1236, 08-CV-1237, 08-CV-2019,
09-CV-0745, 09-CV-0904, 10-CV-1411

**RESPONDENTS' NOTICE LIFTING PROTECTED INFORMATION DESIGNATION OF
DECISIONS BY THE GUANTANAMO BAY REVIEW TASK FORCE APPROVING
DETAINEES FOR TRANSFER**

On January 22, 2009, the President issued Executive Order 13492, calling for a

prompt and comprehensive interagency review of the status of all individuals currently

detained at the Guantanamo Bay Naval Base. *See* Exec. Order No. 13492, 74 Fed. Reg. 4897 (Jan.

22, 2009). On January 22, 2010, the Guantanamo Bay Review Task Force ("Task Force") issued

its final report announcing that it had reviewed the status of 240 detainees and approved 126

detainees for transfer. *See* Guantanamo Bay Task Force Final Report (Jan. 22, 2010), *available at*

www.justice.gov/ag/guantanamo-review-final-report.pdf. During the one-year period when the

Task Force conducted its status reviews, Respondents notified the Court and petitioners' counsel

on a rolling basis as the Task Force approved individual detainees for transfer. *See, e.g.*, *Jabbarov

v. Bush*, 05-CV-2386 (RBW) (Minute Order; June 23, 2009) (directing Respondents to notify the

1

Court when a Guantanamo Bay detainee had been approved for transfer).  When providing such notice, Respondents designated the decisions of the Task Force to approve individual detainees for transfer as "Protected Information" pursuant to the Protective Order and Procedures For Counsel Access To Detainees At The United States Naval Station, Guantanamo Bay, Cuba, 577 F. Supp. 2d 143, 151-152 (D.D.C. 2008), and filed that information with the Court under seal.  *See id.* at 154-55.

In support of Respondents' request for Protected Information status of the Task Force's transfer decisions, Respondents submitted a declaration of Ambassador Daniel Fried, the State Department's Special Envoy for the Closure of the Guantanamo Bay Detention Facility.  *See* Exhibit 1.  Ambassador Fried stated that "indiscriminate public disclosure of the decisions resulting from reviews by Guantanamo Review Task Force will impair the U.S. Government's ability effectively to repatriate and resettle Guantanamo detainees" under Executive Order 13,492. *Id*. at ¶ 2.  That policy was critical given the need to utilize "every tool of statecraft at [the government's] disposal, including the ability to develop and implement a comprehensive strategy under which potential destination countries are asked to focus on those detainees whom the U.S. government considers to be the best fit for those countries." *Id*. at ¶ 4.  Ambassador Fried explained that if "petitioners' counsel or other organizations acting on behalf of dozens of detainees approach the same small group of governments [with the Task Force decisions approving individual detainees for transfer]. . . it could confuse, undermine, or jeopardize our diplomatic efforts with those countries and could put at risk our ability to move as many people to safe and responsible locations as might otherwise be the case." *Id*. at ¶ 5.

In the over two years since the Task Force completed its status reviews, circumstances have changed such that the decisions by the Task Force approving detainees for transfer no longer

warrant protection.  The efforts of the United States to resettle Guantanamo detainees have largely been successful – they have resulted in 40 detainees being resettled in third countries because of treatment or other concerns in their countries of origin since 2009.  In addition, 28 detainees have been repatriated to their countries of origin since 2009.  Consequently, the diplomatic and national security harms identified in the Fried Declaration are no longer as acute.  In Respondents' view, there is no longer a need to withhold from the public the status of detainees who have been approved for transfer.

For the convenience of the Court and petitioners, Respondents have prepared a chart listing the current Guantanamo Bay detainee-petitioners approved for transfer, including the detainee's Internment Serial Number (ISN), name, and habeas civil action number.[1]  *See* Exhibit 2.

Dated:  September 21, 2012                    Respectfully submitted,

                                              STUARY F. DELERY
                                              Assistant Attorney General

                                              TERRY M. HENRY
                                              JAMES J. GILLIGAN
                                              Assistant Branch Directors

                                                          /S/
                                              ANDREW I. WARDEN (IN Bar No. 23840-49)
                                              United States Department of Justice
                                              Civil Division, Federal Programs Branch
                                              20 Massachusetts Avenue, N.W.
                                              Washington, DC  20530
                                              Tel:  (202) 616-5084
                                              Fax:  (202) 616-8470
                                              Andrew.Warden@usdoj.gov

                                              Attorneys for Respondents

---

[1] The chart does not include any current Guantanamo Bay detainees approved for transfer whose transfer status is protected by sealed orders issued by the Court of Appeals.  The government will move to unseal the transfer status of any such detainees by motion in the Court of Appeals and ensure notification of this Court, as needed, if such motions are granted.