UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIHAD DHIAB, | : |
|        Petitioner, | : |
| v. | : Civil Action No. 05-1457 (GK) |
| BARACK OBAMA, *et al.*, | : |
|        Respondents. | : |

## MEMORANDUM ORDER

Petitioner, Jihad Dhiab, has filed an Application for Preliminary Injunction Against Force-Feeding [Dkt. No. 175]. Upon consideration of the Application, the Government's Opposition [Dkt. No. 178], Petitioner's Reply [Dkt. No. 181], and the applicable case law, the Court concludes that the Application shall be **denied** for the following reasons. Petitioner seeks in his Application to enjoin the Government from continuing to subject him to force-feeding of any kind, including forcible nasal gastric tube feeding, and from administering medications related to force-feeding without his consent. In addition, he has requested expeditious consideration of the Application because of the imminent risk that the force-feeding during the day will deprive him of the Ramadan fast, which commences this year on July 8, 2013.[1]

Petitioner has been detained at Guantanamo Bay for 11 years, despite having been cleared for release in 2009. At no time during these 11 years has he had any hearing on the merits of his habeas petition, nor any military commission proceeding to determine the merits of his case. Due

---

[1] Because of the urgency of ruling on the Application by July 8, 2013, the Court has written an extremely short Opinion. The full legal analysis of the jurisdictional issue is contained at Al-Adahi v. Obama, 596 F. Supp. 2d 111, 117-120 (D.D.C. 2009)

to certain actions taken by Congress, Guantanamo Bay has not been closed, and Petitioner's detention has, for all practical purposes, become indefinite.

On February 10, 2009, this Court issued Al-Adahi v. Obama, 596 F. Supp. 2d 111 (D.D.C. 2009). In that case, Petitioner had filed a Renewed Emergency Motion to Enjoin the Force-Feeding to which he was being subjected. For all practical purposes, the facts in Al-Adahi, which the Court found after a long Motion Hearing, are close to identical to the facts presented by Petitioner in this case. In Al-Adahi, the Court concluded that it "lacks jurisdiction and therefore does not have the authority to grant the relief" being requested. Id. at 117. The Court made it perfectly clear in that Opinion that it was required to reach that conclusion "if it is to carry out its obligation to faithfully follow the rule of law." Id.

There has been no material change in either the background facts or the applicable legal principles since issuance of the Al-Adahi Opinion. 28 U.S.C. § 2241(e)(2) still states that:

> [N]o court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the **detention**, transfer, **treatment**, trial, or **conditions of confinement** of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant.

Consequently, the Court feels just as constrained now, as it felt in 2009, to deny this Petitioner's Application for lack of jurisdiction. The Court also feels constrained, however, to note that Petitioner has set out in great detail in his papers what appears to be a consensus that force-feeding of prisoners violates Article 7 of the International Covenant on Civil and Political Rights which prohibits torture or cruel, inhumane, and degrading treatment.

In addition, Petitioner cites in detail statements of the American Medical Association, the World Medical Association, the UN High Commissioner for Human Rights, the UN Rapporteur on Human Rights and Counter-Terrorism condemning the force-feeding of detainees. The American Medical Association in a letter to the Secretary of Defense on April 25, 2013, has declared that the force-feeding of detainees violates "core ethical values of the medical profession." Charlie Savage, <u>Obama Renews Efforts to Close Prison in Cuba</u>, N.Y. Times, May 1, 2013, at A1.

Despite the statements contained in the Declaration submitted by the Government in support of its Opposition to the Application claiming that "[t]he health care provided to the detainees being held at JTF-GTMO rivals that provided in any community in the United States and is comparable to that afforded to our active duty service members. Detainees receive timely, compassionate, quality healthcare and have regular access to primary care and specialist physicians," it is perfectly clear from the statements of detainees, as well as the statements from the organizations just cited, that force-feeding is a painful, humiliating, and degrading process.

Even though this Court is obligated to dismiss the Application for lack of jurisdiction, and therefore lacks any authority to rule on Petitioner's request, there is an individual who does have the authority to address the issue. In a speech on May 23, 2013, President Barack Obama stated "Look at the current situation, where we are force-feeding detainees who are holding a hunger strike... Is that who we are? Is that something that our founders foresaw? Is that the America we want to leave to our children? Our sense of justice is stronger than that." <u>Text of President Obama's May 23 Speech on National Security (Full Transcript)</u>, Wash. Post, May 23, 2013, <u>available at</u> 2013 WLNR 12700673.

Article II, Section 2 of the Constitution provides that "[t]he President shall be the Commander in Chief of the Army and Navy of the United States . . ." It would seem to follow, therefore, that the President of the United States, as Commander-in-Chief, has the authority -- and power -- to directly address the issue of force-feeding of the detainees at Guantanamo Bay.

**WHEREFORE**, it is this 8th day of July, 2013, hereby

**ORDERED**, that Petitioner's Application for a Preliminary Injunction is **denied**.

*/s/ Gladys Kessler*
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**