UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    :
**ABU WA'EL (JIHAD) DHIAB,**        :
                                    :
      **Petitioner,**                   :
                                    :
   **v.**                             :
                                    :
**BARACK H. OBAMA, et. al.,**       :   Civil Action No. 05-1457 (GK)
                                    :
      **Respondents.**                  :
_____ :

## ORDER

During a lengthy bench conference at the status hearing held on May 21, 2014, the Court strongly suggested that the Parties come to a compromise about the procedures used to enterally feed Petitioner Dhiab during the pendency of his Application for Preliminary Injunction. Mr. Dhiab's physical condition was swiftly deteriorating, in large part because he was refusing food and/or water.

Mr. Dhiab has indicated his willingness to be enterally fed, if it could be done at the hospital in Guantánamo Bay, if he could be spared the agony of having the feeding tubes inserted and removed for each feeding, and if he could be spared the pain and discomfort of the restraint chair.

If he could have been enterally fed in that manner, it would have then been possible to litigate his plea to enjoin certain practices used in his force feedings in a civilized and

legally appropriate manner. The Department of Defense refused to make these compromises.

The Court is now faced with an anguishing Hobson's choice: reissue another Temporary Restraining Order ("TRO") despite the very real probability that Mr. Dhiab will die, because he has indicated a continuing desire to refuse to eat and/or drink liquids, or refuse to issue the TRO and allow the medical personnel on the scene to take the medical actions to keep Mr. Dhiab alive, but at the possible cost of great pain and suffering.

The Court is in no position to make the complex medical decisions necessary to keep Mr. Dhiab alive. Thanks to the intransigence of the Department of Defense, Mr. Dhiab may well suffer unnecessary pain from certain enteral feeding practices and forcible cell extractions. However, the Court simply cannot let Mr. Dhiab die.

The Court does, however, remind all personnel that they should abide by their own Standard Operating Protocols, and that the standard for enteral feeding is whether Mr. Dhiab is actually facing an "imminent risk of death or great bodily injury."

Moreover, in an effort to ensure that any suffering by Mr. Dhiab is not prolonged, the Court will issue a scheduling order

tomorrow to facilitate the speedy exchange of discovery such that the Court can reach the merits of Mr. Dhiab's Application.

For all the reasons above, and based on the entire record herein, it is hereby

**ORDERED**, that the Temporary Restraining Order in this case will not be reissued.

May 22, 2014

/s/_____
Gladys Kessler
United States District Judge

**Copies to:** attorneys on record via ECF