IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABU WA'EL (JIHAD) DHIAB (ISN 722),

*Petitioner*,

v.

BARACK H. OBAMA, *et al*.,

*Respondents*.

Civil Action No. 05-CV-1457 (GK)

**JOINT MOTION FOR INTERIM PROTECTIVE ORDER GOVERNING USE
AND HANDLING OF FCE VIDEOS AND FOR BRIEFING SCHEDULE**

Petitioner and Respondents jointly request that the Court enter the attached interim protective order and briefing schedule to address the use and handling of the Forced Cell Extraction videos that Respondents will produce to Petitioner in response to the Court's May 23, 2014 Order.

The Court's May 23, 2014 Order directed Respondents to produce, by June 13, 2014, "all videotapes made between April 9, 2013, and February 19, 2014, that record both Petitioner's Forcible Cell Extraction and subsequent enteral feeding" ("FCE videos"). *See* Order (ECF No. 223). Respondents' position is that the FCE videos are classified at the SECRET level and involve sensitive information warranting heightened protections beyond the terms of the current protective order entered in this case. *See* Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba (ECF No. 57) ("Protective Order").

1

After the Court issued its May 23, 2013 Order, counsel for the Petitioner and Respondents conferred over the course of several days regarding a proposed protective order that would govern the use and handling of the FCE videos.  The parties were able to reach agreement on most terms of the supplemental protective order, but were unable to reach agreement on one key issue:  the extent to which Petitioner's counsel may share the FCE videos with attorneys in other Guantanamo Bay habeas cases.

Paragraph 28 of the Protective Order provides in relevant part:

> [C]ounsel for petitioners in these cases are presumed to have a "need to know" information both in their own cases and in related cases pending before this Court.  Therefore, … counsel for all petitioners in these cases who satisfy all necessary prerequisites and follow all procedures set forth herein may share and discuss among themselves classified information to the extent necessary for the effective representation of their clients. Government counsel may challenge the "need to know" presumption on a case-by-case basis for good cause shown.

Respondents are willing to permit the current attorneys of record in *Dhiab v. Obama*, 05-CV-1457 (GK), *Hassan (ISN 680) v. Obama*, 04-CV-1194 (TFH), and *Rabbani (ISN 1461) v. Obama*, 05-CV-1607 (RCL), to view the FCE videos or receive information about the content of the FCE videos.  These three Guantanamo Bay habeas cases are the only cases in which Respondents' enteral feeding policies currently are being challenged; further, the petitioners in the cases are represented by Petitioner's counsel in this case. Respondents will consider requests by Petitioner's counsel to distribute the FCE videos or information about them to additional attorneys in other cases, but, due to the sensitive nature of the FCE videos that will be explained in further briefing on this matter, *see infra* at 3, Respondents request the opportunity to consider those requests on a case-by-case basis and object, if appropriate.  *See* Protective Order ¶ I.D.28. ("Government counsel may challenge the 'need to know' presumption on a case-by-case basis for good

cause shown."). Respondents' position is that the only practical way to ensure such an opportunity to object is to limit in the supplemental protective order the sharing of the FCE videos with counsel in other cases. Petitioner's position is that the sharing and discussion of information about FCEs and force-feedings among Guantanamo Bay habeas counsel, as authorized by Paragraph 28 of the Protective Order, is essential to the effective representation of their clients, in that such effective representation requires a full and free exchange of information regarding the conditions of confinement at Guantanamo Bay over which the Court has jurisdiction.

Because the parties were unable to reach agreement on this issue,[1] the parties jointly request that the Court enter an order establishing the following briefing for resolution of the issue:

- June 25, 2014: Respondents' Motion For Protective Order;

- July 2, 2014: Petitioner's Opposition Brief;

- July 9, 2014: Respondents Reply Brief.

The parties also request that the Court, on or prior to the June 13, 2014 production date for the FCE videos, enter the attached interim protective order that reflects the terms and conditions the parties have agreed upon with respect to the use and handling of the FCE videos. Entry of this order on or prior June 13, 2014 will enable Respondents to provide the FCE videos to Petitioner's counsel under appropriate conditions. This interim order can then be supplemented or amended, as appropriate, following the

---

[1] Petitioner's counsel, Jon Eisenberg, has represented to Respondents' counsel that Mr. Dhiab's attorneys will not share the FCE videos or discuss their content with attorneys in other habeas cases beyond the three cases referenced above, absent Respondents' consent, until this issue is resolved by the Court.

3

Court's resolution of the forthcoming motion for protective order regarding sharing of the FCE videos.

Two proposed orders are attached, one setting forth the proposed briefing schedule for the motion for protective order, and a second order memorializing the terms of the interim protective order.

Dated:   June 12, 2014                                    Respectfully submitted,


        /s/                                              STUART F. DELERY
**JON B. EISENBERG**                                    Assistant Attorney General
CA State Bar #88278
1970 Broadway, Suite 1200                                JOSEPH H. HUNT
Oakland, CA 94612                                        Branch Director
(510) 452-2581
*jeisenberg@horvitzlevy.com*                             TERRY M. HENRY
                                                         Assistant Branch Director

Counsel for Petitioner
                                                         */s/ Andrew I. Warden*
                                                         ANDREW I. WARDEN (IN Bar 23840-49)
                                                         TIMOTHY B. WALTHALL
                                                         PATRICK D. DAVIS
                                                         United States Department of Justice
                                                         Civil Division, Federal Programs Branch
                                                         20 Massachusetts Avenue, NW
                                                         Washington, DC 20530
                                                         Tel: 202.616.5084
                                                         E-mail: Andrew.Warden@usdoj.gov


                                                         Counsel for Respondents

4