**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ABU WA'EL (JIHAD) DHIAB,**<br><br>***Petitioner/Plaintiff,***<br><br>**v.**<br><br>**BARACK H. OBAMA, et al.,**<br><br>***Respondents/Defendants.*** | **Civ. No. 05-1457 (GK)** |

**PETITIONER'S STATEMENT OF CLAIMS ASSERTED AND RELIEF REQUESTED ON APPLICATION FOR PRELIMINARY INJUNCTION**

Pursuant to the Court's order of August 12, 2014, Doc. #304 at 5, Petitioner hereby submits this statement of the claims he is pursuing and the relief he is requesting on his application for preliminary injunction.

**CLAIMS ASSERTED**

Petitioner asserts these claims:

1. The following practices, to which there are ready alternatives, are unlawful under *Turner v. Safley*, 482 U.S. 78, 89-90 (1987) as not reasonably related to legitimate penological interests:

a. Use of Forcible Cell Extraction (FCE) or a Five Point Restraint Chair for the purpose of transporting a detainee to or from a force-feeding location when the detainee has indicated that he is willing to submit to such feeding compliantly.

b. For a disabled detainee whose ambulation is impaired, deprivation of a wheelchair or crutches for the purpose of transport to and from a force-feeding location when the detainee has indicated that he is willing to submit to such feeding compliantly.

c. Use of a Five Point Restraint Chair during the process of force-feeding when the detainee has indicated that he is willing to submit to such feeding compliantly.

d. Routine insertion and withdrawal of a nasogastric feeding tube on a daily or twice-daily basis instead of leaving the tube in place from one feeding to the next in accordance with customary medical practice.

e. Administration of rapid bolus force-feeding at a speed and/or quantity that is contrary to customary medical practice.

f. Vesting the military Commander of JTF-GTMO, instead of a physician, with final authority to decide whether and under what conditions a detainee shall be force-fed.

2. Detainees are being force-fed in violation of *Aamer v. Obama*, 742 F.3d 1023, 1041 (D.C. Cir. 2014) before they are at imminent risk of death or great bodily injury.

3. Provisions in the Guantánamo Bay written protocols and Standard Operating Procedures (SOPs) that authorize the above practices are unlawful.

**RELIEF REQUESTED**

Petitioner requests the following relief:

1. An order stating that Petitioner shall not be subjected to Forcible Cell Extraction (FCE) or placed in a Five Point Restraint Chair for the purpose of transporting him to or from a force-feeding location if he indicates that he is willing to submit to such feeding compliantly.

2. An order stating that Petitioner shall be afforded a wheelchair or crutches, as needed, for the purpose of transport to and from a force-feeding location if he indicates that he is willing to submit to such feeding compliantly.

3. An order stating that if Petitioner indicates he is willing to submit to such feeding compliantly, he shall not be placed in a Five Point Restraint Chair during the process of force-feeding but shall instead be force-fed while restrained by a single-point restraint.

4. An order stating that Petitioner's nasogastric feeding tube shall not be routinely inserted and withdrawn on a daily or twice-daily basis but shall instead be left in place from one feeding to the next for such time as it is medically appropriate to do so.

5. An order stating that Petitioner shall not be subjected to rapid bolus force-feeding at a speed and/or quantity that is contrary to customary medical practice, unless it is done at his request.

6. An order stating that Petitioner shall not be subjected to force-feeding unless a physician determines that Petitioner is at imminent risk of death or great bodily injury.

7. An order stating that only a physician, and not the Commander of JTF-GTMO, shall be afforded decision-making authority with regard to whether and under what conditions a detainee shall be force-fed.

8. An order stating that if Petitioner is being subjected to force-feeding, it shall promptly cease when he is no longer at imminent risk of death or great bodily injury.

9. An order declaring that the following provisions in the Guantánamo Bay written protocols and/or Standard Operating Procedures (SOPs) are unlawful as not reasonably related to legitimate penological interests:

a. In SOP No. JMG 001, entitled "Medical Management of Detainees With Weight Loss": section II.C, last sentence only; section II.D, first sentence only; section II.F, in its entirety; section III.K, first sentence only; section III.L, third, fifth and sixth sentences only; section X, last sentence only; Enclosure (4), in its entirety; Enclosure (5) section II, third

paragraph under heading "Intermittent Enteral Nutrition"; Enclosure (6) section II, entire portion entitled "Confirmation of Feeding Tube Placement"; and Enclosure (6) section V, text accompanying first checkbox.

b. In JDG Procedure #38, entitled "Detainee of Interest/Weight Loss": section 38-3.a, in its entirety; section 38-6.b, first sentence only; section 38-6.e(1)(a), portion stating "and all feed tubes are changed out for each feed"; section 38-6.i(3)(b), in its entirety; and section 38-7.a(1), in its entirety.

10. An order stating that, to the extent provisions in the Guantánamo Bay written protocols and/or Standard Operating Procedures (SOPs) are declared to be unlawful, Respondents forthwith shall promulgate replacement provisions that are consistent with the requirements of *Turner v. Safley* and *Aamer v. Obama*.

Respectfully submitted,

/s/ Jon B. Eisenberg

**JON B. EISENBERG** (CA State Bar #88278)
1970 Broadway, Suite 1200
Oakland, CA 94612
(510) 452-2581
*jeisenberg@horvitzlevy.com*

/s/ Cori Crider
**REPRIEVE**
Clive Stafford Smith (LA Bar #14444)
Cori Crider (NY Bar #4525721)
Alka Pradhan (D.C. Bar #1004387)
P.O. Box 72054
London EC3P 3BZ
United Kingdom
011 44 207 553 8140
*clive.stafford.smith@reprieve.org.uk*
*cori@reprieve.org.uk*
*alka.pradhan@reprieve.org*

/s/ Lisa R. Jaskol
**PUBLIC COUNSEL**
Lisa R. Jaskol (CA State Bar #138769)
610 S. Ardmore Avenue
Los Angeles, CA 90005
(213) 385-2977
*ljaskol@publiccounsel.org*

/s/ Eric L. Lewis
**LEWIS BAACH PLLC**
Eric L. Lewis (D.C. Bar #394643)
Elizabeth L. Marvin (D.C. Bar #496571)
1899 Pennsylvania Avenue, NW, Suite 600
Washington, DC 20006
(202) 833-8900
*eric.lewis@lewisbaach.com*
*elizabeth.marvin@lewisbaach.com*

Dated: August 18, 2014 *Counsel for Petitioner/Plaintiff*