UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABU WA'EL (JIHAD) DHIAB, :
　　　　　　　　　　　　　　　　　　　 :
　　　　　　Petitioner, :
　　　　　　　　　　　　　　　　　　　 :
v. : Civil Action No. 05-1457 (GK)
　　　　　　　　　　　　　　　　　　　 :
BARACK OBAMA, *et al.*, :
　　　　　　　　　　　　　　　　　　　 :
　　　　　　Defendants. :

## MEMORANDUM OPINION

Petitioner Abu Wa'el (Jihad) Dhiab has been detained at Guantanamo Bay, Cuba, since as early as 2002.[1] In 2009, he was declared eligible for release. As of October 1, 2014, he still remains a detainee at Guantanamo Bay.

On April 18, 2014, Mr. Dhiab (represented by counsel) filed a Motion for Preliminary Injunction. While some of his requests for judicial relief have changed over time, his major requests are for a preliminary injunction barring the Government from subjecting him to forcible cell extractions ("FCE") and from placing him in a Five-Point Restraint Chair for the purpose of transporting him to or from forced-feeding, so long as he indicates that he is willing to submit to such feeding compliantly. After much preliminary litigation activity, on August 12, 2014, the Court set October 6 & 7, 2014, as a firm date for the Preliminary Injunction Hearing. Thus, the Parties have known for a period of two months the date upon which the hearing would go forth. On September 26, 2014, less than two weeks prior to the start of the long-scheduled Hearing, the Government filed a Motion to Seal Preliminary Injunction Hearing [Dkt. No. 333], requesting that the Court take the

---

[1] Petitioner alleges that the "precise date" of his transfer to Guantanamo Bay is "unknown to [his] counsel, but known to Respondents." Petition [Dkt. No. 1 at ¶ 23].

extraordinary step of completely closing the entire Preliminary Injunction Hearing to the public. This request, which appears to have been deliberately made on short notice is -- in this Court's view -- deeply troubling.

One of the strongest pillars of our system of justice in the United States is the presumption that all judicial proceedings are open to the public whom the judiciary serves. As the Court of Appeals for the Sixth Circuit has observed, "[t]he First Amendment, through a free press, protects the people's right to know that their government acts fairly, lawfully, and accurately[.]" Detroit Free Press v. Ashcroft, 303 F.3d 681, 683 (6th Cir. 2002).

The Government argues that closing the Preliminary Injunction Hearing to the public (with the exception of brief unclassified opening statements), is necessary because the "record in this case includes inextricably intertwined classified, protected, and unclassified information." The Government contends that closing the Hearing will prevent any unauthorized disclosure of classified or protected information, thereby purportedly ensuring that the hearing proceeds in an efficient manner. Resp'ts' Mot. at 1. It denies that Mr. Dhiab will suffer any prejudice as a result of such closure. Id.

For the following reasons, the Government's Motion will be denied.

First, as Petitioner points out, the hearing can be bifurcated into open and closed sessions to accommodate the Government's concerns. Petitioner is presenting only three witnesses, all experienced expert witnesses, who understand the difference between open and closed sessions and classified and unclassified information. One of those witnesses, Dr. Steven Miles, lacks any security

clearance at all and therefore can be heard entirely in open Court.[2] The other two witnesses can bifurcate their testimony into public sessions discussing their written reports, which have already been filed in public on the Court's docket, and closed sessions involving any classified or protected information, during which the hearing can be closed to the public. Petitioner's counsel anticipates that full examination of those two experts can be completed in one day on October 6.

Second, the Government does not intend to call any live witnesses, and, therefore, there need be no worry about monitoring their testimony.

Third, as to the presentation and/or discussion of documentary evidence, a great deal of it is already public and has been filed in public on the Court's docket. To the extent it has not, its submission can be bifurcated into public and closed proceedings.

Fourth, the Government's only argument to the contrary is that Petitioner's public information is inextricably intertwined with classified and protected information. As a result, the Government argues that a bifurcated hearing "is rife with the risk of slip ups and inadvertent disclosure of protected or classified information." Resp'ts' Mot. at 4. In prior hearings before this Court, counsel and the Court have dealt carefully and professionally with classified, protected and public information. The courtroom has been sealed without any problems whenever necessary to discuss classified and protected information. Moreover, it is in the interest of all counsel to be vigilant during the Hearing to bring any potentially classified or protected information to the Court's attention before testimony is given.

---

[2] The Government is correct that its cross-examination of Dr. Miles could require reference to protected information. That will be the Government's choice to make. Resp'ts' Reply at 4 n.6.

Fifth (and really first in significance), the law is clear that "[t]he presumption of openness may be overcome only by an overriding interest based on findings that closure is <u>essential</u> to preserve higher values and is narrowly tailored to serve that interest." <u>Press-Enterprise Co. v. Superior Court of California, Riverside Cty.</u>, 464 U.S. 501, 510 (1984) (emphasis added). Closing the hearing in its entirety certainly would not be a "narrowly tailored" solution when the alternative of bifurcation is a reasonable, sensible, and doable alternative.

Sixth, the Government claims that the entire proceeding should be closed because bifurcation of testimony and the periodic closing of the courtroom will cause "significant logistical burdens," "delay," and "great cost in the continuity of questioning." As the United States Court of Military Appeals said, even though a bifurcated hearing "may involve complex and delicate matters for resolution by the trial judge . . . th[o]se are matters judicial officers must and should be equipped to properly determine." <u>United States v. Grunden</u>, 2 M.J. 116, 123 (C.M.A. 1977). This Court has full faith in the ability of counsel and the Court, acting together, to handle in an efficient and appropriate manner, all the classified and protected information. Moreover, a reasonable amount of delay and logistical burdens are a small price to pay for the virtues of judicial transparency.

Finally, it is no secret that Mr. Dhiab's case has received a good deal of publicity in the press. As Judge Hogan said in <u>In re Guantanamo Bay Detainee Litigation</u>, 624 F. Supp. 2d 27, 37 (D.D.C. 2009), "[p]ublic interest in Guantanamo Bay generally and these proceedings specifically has been unwavering." With such a long-standing and ongoing public interest at stake, it would be particularly egregious to bar the public from observing the credibility of live witnesses, the substance of their testimony, whether proper procedures are being followed, and whether the Court is treating all participants fairly.

In sum, the Government has failed to meet its burden of establishing a substantial probability of prejudice to a compelling interest. The Government seems to have forgotten the words of the Supreme Court in Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 508, which are as wise and relevant today as they were in 1984:

> The value of openness lies in the fact that people not actually attending trials [and other proceedings] can have confidence that standards of fairness are being observed; the sure knowledge that <u>anyone</u> is free to attend gives assurance that established procedures are being followed and that deviations will become known. Openness thus enhances both the basic fairness of the . . . trial and the appearance of fairness so essential to public confidence in the system, (emphasis in original).

For all these reasons, the "presumption of openness" and the absence of any grounds that justify overcoming that presumption compel **denial** of the Respondents' Motion.

October 2, 2014

*Gladys Kessler*
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**