## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JIHAD DHIAB,                                    :
                                                :
               Petitioner,              :
                                                :
     v.                                       :        Civil Action No. 05-1457 (GK)
                                                :
BARACK OBAMA, *et al.*,                         :
                                                :
               Respondents.             :

### MEMORANDUM OPINION

On October 20, 2015, Petitioner filed a Motion to Compel Respondents to Produce Videos without Unnecessary Audio Redaction and to Provide Audio Subtitles and a Written Transcript [Dkt. No. 404]. The Press-Intervenors joined Petitioner in his Motion and, on November 3, 2015, filed a Notice of Joinder [Dkt. No. 409]. The Government filed an Opposition on November 6, 2015 [Dkt. No. 410]. On November 13, 2015, Petitioner and Press-Intervenors filed their Replies [Dkt. Nos. 413, 414].

Petitioner argues that, because the Government carried out such excessive audio redaction of the 32 sample videos that this Court on October 3, 2014, ordered to be disclosed to the public [Dkt. Nos. 348, 349] it is now impossible to fully understand them. As a consequence, Petitioner requests in his Motion that the "Court order the Government to produce versions of the videos that preserve all audio, save where the *content* of what is said would disclose the identity of a given member of the military." Mot. at 1. Petitioner also requests an order "requiring the Government to (a) subtitle the videos (except for any identifying content) and (b) release the transcript of the videos that Petitioner's counsel have submitted[.]" Id. According to Petitioner, if the Government

is required to release the videos as the Government has redacted them, such release "will make it effectively impossible for the public to understand their contents." Id.

For the following reasons, the Court is compelled to **deny** Petitioner's Motion.

1.      In the Memorandum Opinion and Order of October 3, 2014, the Court granted the Motion filed by Press-Intervenors to unseal 32 classified FCE videos which had been filed with the Court under seal in connection with Petitioner's efforts to enjoin the Government from continuing enteral feeding of Petitioner Dhiab. See Dhiab v. Obama, 70 F. Supp. 3d 486 (D.D.C. 2014). The Court accepted the Government's position "that protection of identities of Guantanamo Bay staff is a legitimate goal," to which there was no objection. Id. at 501. Consequently, the Court authorized the Government to make "appropriate audio and visual edits" to the FCE videos prior to their public release. Id. The Court made clear that the Government was authorized to "screen[] names and *voices*, blur[] faces, and identify[] portions of uniforms, and black[]-out written materials on [Guantanamo] walls." Id. (emphasis added). Finally, the Court's Order specified that "all identifiers of individuals in the videotapes (i.e., faces other than Mr. Dhiab's, *voices*, names, etc.) shall be redacted[.]" Order (emphasis added). On October 9, 2014, the Court issued an additional Order directing the Government to complete the permitted redaction of all 32 FEC videos in eight days, by October 17, 2014 [Dkt. No. 355] in order to speed up completion of the redactions so that the final videos could -- finally -- be released to the American public. Petitioner did not object to the Orders.

Subsequently, on July 10, 2015, after the Government had appealed the Court's Orders, and the Court of Appeals remanded the case because it lacked jurisdiction, this Court set a second schedule for production of the redacted FCE videos. The Court required the Government to produce redacted versions of eight full-length FCE videos by August 31, 2015, and redacted

versions of two compilation FCE videos created by Respondents and Petitioner respectively by September 30, 2015 [Dkt. No. 387].

The Government fully complied (albeit not happily) with the required schedule, and filed with the Court the 10 FCE redacted videos as authorized by the Court on October 3, 2014. In sum, the Government fully complied with the Court's Order and, for that reason alone, there is no justification for granting the Motion and delaying release of the properly redacted videos.

2.     Petitioner and Press-Intervenors are simply too late to now -- at this late date -- ask the Court to make significant changes in its original Orders of October 3, 2014. On July 14, 2015, after remand from the Court of Appeals, the Court set a new schedule requiring the Government to produce redacted versions of eight full-length FCE videos by August 31, 2015, and redacted versions of the two compilation FCE videos created by the Government and Petitioner, respectively, by September 30, 2015. On July 13, 2015, the Government sent Petitioner's counsel a seven-minute sample of a redacted FCE video. On July 14, 2015, for the very first time, Petitioner expressed concern as to how the voices would be muted.

The Government then considered alternative procedures to protect the voices of Government personnel, but made a final determination that muting the voices was the most appropriate and secure way to avoid any identification of U.S. personnel.[1]  The Government disclosed the first set of FCE videos on August 31, 2015, as ordered by the Court. Thereafter, Petitioner's counsel waited almost eight weeks to review the videos and file the pending Motion raising specific concerns about the audio.

_____

[1]  Redactions were made only of the voices of U.S. personnel, and Mr. Dhiab's statements were redacted only if he was speaking at the same time as U.S. personnel.

Petitioner had access to the redacted FCE videos for weeks and has been on notice for over a year that the Government would, as authorized by the Court, mute the voices of U.S. personnel. Petitioner now requests that the Government should publicly release all voices of U.S. personnel included in the videos, except in those limited instances where the content of that audio identifies the person. Mot. at 1. Petitioner never objected to the terms contained in the Court's original Order authorizing what steps the Government could take to protect the "identities of Guantanamo Bay staff," including "screening names and voices," Dhiab, 70 F. Supp. 3d at 501, and counsel at no time sought any reconsideration or clarification of the Court's Orders before the Government appealed them. It must be emphasized once again that those Orders stated clearly that "all identifiers of individuals in the videotapes (i.e., faces other than Dhiab's, voices, names, etc.) shall be redacted." Because the Petitioner is now unhappy with the results of the Government's redactions, he is asking the Court to simply reconsider its redaction standard.

In sum, Petitioner had more than adequate time to voice any concerns about the Court's Orders and the specific items which the Government was authorized to redact by muting voices and blurring faces. Indeed, Petitioner had opportunity to do so even before the Government completed the process of redacting the FCE videos. Petitioner has provided no explanation as to why he waited so long to bring this Motion.[2]

3.      Petitioner now, at this very late date, asks the Court to order public release of a transcript he created of the FCE videos and use that transcript to serve as captions for the redacted videos. However, the transcript was never even introduced into evidence during the litigation and

---

[2] Since June of 2014, Petitioner's counsel has had access to the complete collection of FCE videos with the voices of U.S. personnel. During that period of time – June 2014 to October 2015 – Petitioner had ample opportunity to determine what the videos would sound like with all the voices muted just as he had ample opportunity to file a Motion long before October 20, 2015.

the Government contests its accuracy.  In addition, during that litigation, Petitioner's counsel could have created full transcripts of the FCE videos so that the Court could fully consider them before issuing the October 3, 2014, Order.

4.     The Government has continually brought to the attention of the Court how difficult and time-consuming it was to prepare and verify accurate transcripts, as well as to blur all faces. While the Court did on several occasions set schedules that were difficult for the Government, it did, in fact, meet those schedules.  The Court has been well aware of those burdens and notes again that the Government has complied with all deadlines set by the Court.  However, again at this very late date, and given the insistence of the Petitioner and Press-Intervenors to now undertake preparation and verification of accurate transcripts, the Court concludes that the Government has shouldered more than its share of the burden of proper redaction of the FCE videos.  Therefore, there is no justification for imposing new requirements on the Government which would simply further delay a process which has already taken well over a year to come to conclusion.  If the Court were to grant all of Petitioner's requests, this litigation would drag on indefinitely, as well as impose substantial new requirements on the Government.

For all the above reasons, the Court concludes that the Motion must be **denied**.[3]

December 22, 2015

*Gladys Kessler*

Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**

---

[3] The Court has reviewed many of the FCE videos. There is no question that all words spoken by U.S. personnel were redacted and that such redaction makes it more difficult to follow what is actually happening. However, as the Court has already noted, the Government was authorized to do redactions such as screening names and voices. There is also no question that the blurring of the faces of the U.S. personnel makes it more difficult to understand what actions are taking place. However, the videos certainly show Mr. Dhiab's opposition to the enteral feeding and his discomfort and, at times, pain from the procedure. The videos show how Mr. Dhiab was transported to and from his cell to the area where enteral feeding was conducted, and the nature of his treatment during those periods of time. The fact that the redacted videos – authorized by the Court – may not be as compelling as some might like, is no justification for exposing U.S. personnel to the dangers that redactions are used to avoid. Petitioner is simply wrong when he argues that "excessive audio redactions of the sample videos make it impossible to fully understand the videos." Mot. at 2.